Citation Nr: 1749200 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 06-12 025 DATE


THE ISSUE

Entitlement to service connection for a fatigue disability, to include as due to Gulf War illness and/or as secondary to a service-connected disability.


INTRODUCTION

The Veteran served on active duty with the United States Air Force from December 1988 to December 1992, with service in Southwest Asia from September 1991 to December 1991. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. 

This case was previously before the Board in May 2009, April 2012, and February 2016, when it was remanded for Agency of Original Jurisdiction (AOJ) development. The case has been returned to the Board at this time for further appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.



REMAND

The Veteran underwent VA Gulf War Illness examinations in June 2015 and April 2016, performed by the same examiner. In the February 2016 remand, the Board found the June 2015 examination to be inadequate, as the examiner failed to complete the history and signs and symptom sections of the examination. The Board further found that an August 2015 addendum by a separate examiner failed to provide an adequate rationale for the conclusion that the Veteran's reported fatigue was not related to her Gulf War service. 

Unfortunately, the same shortcomings appear on the April 2016 examinations; the examiner failed to complete significant portions of the Gulf War Illness examination, including whether he physically examined the Veteran. Further, the examination does not address a medical explanation for the Veteran's complaints of fatigue, while the accompanying April 2016 Chronic Fatigue Syndrome examination mentions symptoms such as back, elbow, and neck pain that the examiner does not attribute to any other medical diagnosis. The Chronic Fatigue Syndrome examination is also internally inconsistent, indicating that the Veteran does not have signs and symptoms attributable to chronic fatigue syndrome, but that her chronic fatigue syndrome symptoms restrict her daily activities. No response was provided regarding functional impact. The VA physician found that the Veteran does not meet criteria for chronic fatigue syndrome.

In light of the incomplete medical history and the inconsistent answers, the Board finds that a remand is necessary in order to obtain another VA examination which addresses the above deficiencies. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); see also Kowalski v. Nicholson, 19 Vet. App. 171, 179 (2005) (stating that a VA examination must be based on an accurate factual premise). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination with an examiner other than the one who completed the June 2015 and April 2016 examinations. The claims file must be made available to the examiner for review. The examiner is to take a detailed medical history of the Veteran, specifically regarding her symptoms of fatigue; joint pain; infertility; incontinence; headaches and migraines; and parasthesias and edema. The examiner is to conduct all testing necessary to rule out diagnoses of medically explained illnesses giving rise to the Veteran's symptoms. 

For any medically explained illnesses identified, the examiner should opine as to whether it is at least as likely as not (50 percent probability or greater) the disability arose in service or is otherwise related to service. The examiner is to provide a comprehensive rationale for all opinions expressed. 

If there is no diagnosed disability that the Veteran's complaints can be attributed to, the examiner should observe whether there are objective signs and symptoms of her complaints. If there are objective signs and symptoms present, the examiner should indicate whether such represent an undiagnosed illness related to the Veteran's service in the Persian Gulf, such as a medically unexplained chronic multisymptom illnesses. The examiner is to provide a comprehensive rationale for the opinions expressed.

If any of the above issues cannot be resolved without resorting to speculation, then a detailed medical explanation as to why this is so must be provided.

2. Following the above indicated development, the AOJ should review the claims file and readjudicate the Veteran's claim. If the benefit sought on appeal remain denied, the Veteran and her representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).


ATTORNEY FOR THE BOARD: K. Josey, Associate Counsel

Copy mailed to: Robert A. Friedman, Esq.